**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**BYRON L. CONWAY
ADC #113285**                                                                                    **PLAINTIFF**

**V.**                         **CASE NO. 1:12CV0079 DPM/BD**

**TIMOTHY DUTY, et al.**                                                                 **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.    Procedural Background:

Plaintiff Byron Conway, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs. (Docket entry #2)

Defendants have now moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Conway's deliberate-indifference claims fail as a matter of law. For the reasons set forth below, the motion to dismiss should be granted.

## III.   Facts:

On October 5, 2011, Mr. Conway submitted a sick call request to have some genital blisters removed. (#2 at p. 5) On October 8, 2011, he was examined by Nurse King who provided him with a treatment-call pass from October 14, 2011 to October 24, 2011, so that he could come to the infirmary for treatment. (#2 at p. 5)

On October 12, 2011, Mr. Conway returned to the infirmary for treatment. Defendant Duty, a registered nurse, gave Mr. Conway Q-tips, Podocon (a chemical wart remover), triple antibiotic ointment, and brief instructions about how to apply the chemical. (#2 at p. 6) After Mr. Conway applied the chemical, Defendant Duty instructed him to return to his barracks. (#2 at p. 6) After Mr. Conway returned to his

barracks, he went to shower to wash off the chemical.  While he was showering, the chemical got on his washcloth, which he then touched to other areas of his body.  Mr. Conway noticed a burning sensation in those areas he had touched with the washcloth. (#2 at p. 7)

On October 13, 2011, Mr. Conway was examined by Nurse Simmonson, who was accompanied by Defendant Cowell.  After examining Mr. Conway, Nurse Simmonson authorized Mr. Conway to apply a topical antibiotic ointment to the area after treatment with the chemical and instructed him to shower in the infirmary thirty minutes after applying the chemical.  (#2 at p. 7)

On October 17, 2011, Mr. Conway returned to the infirmary for treatment call.  (#2 at p. 8)  According to Mr. Conway, he showed Defendant Conway his prescription to remain in the infirmary for thirty minutes after applying the chemical and to shower there, but Defendant Duty ordered him back to his barracks.  (#2 at p. 8)  Mr. Conway alleges that during the walk back to the barracks the chemical smeared.  (#2 at p. 8)

Mr. Conway alleges that on October, 19, 2011, his penis began to "swell up" and become painful.  (#2 at p. 8)  On October 20, 2011, he was issued a new prescription instructing him how the medication was to be rinsed off.  (#2 at p. 12)

On October 26, 2011, Mr. Conway submitted a sick call request, and on October 27, 2011, he was seen in the infirmary by Melvin Nance, M.D.  Dr. Nance noted that Mr. Conway's penis looked "uncomfortable." (#2 at p. 9)  Dr. Nance treated it  as a burn and

issued Mr. Conway a new treatment prescription. Mr. Conway's injuries were noted as healed on November 10, 2011. (#2 at p. 10)

IV.  **Discussion:**

    A.    Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must include enough information to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Pro se complaints are construed liberally, but even pro se complaints must allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Courts must accept a plaintiff's factual allegations as true, but need not accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (2009)

Additionally, "documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents for all purposes, including to determine whether a plaintiff has stated a plausible claim[.]" *Brown v.*

*Medtronic, Inc.*, 628 F.3d 451, 459–60 (8th Cir. 2010) (internal quotation marks and citations omitted).

    B.    Deliberate Indifference

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, failing to provide proper medical care to a prisoner amounts to a constitutional violation only if the inmate can show that he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008) (quoting *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997)). Under settled law, negligence on the part of prison officials – even gross negligence – cannot support a constitutional claim. *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

    C.    Defendant Duty

In his complaint, Mr. Conway alleges that Defendant Duty was deliberately indifferent for not properly instructing him on how to apply and remove the chemical and for disregarding his prescription and forcing him to return to his barracks without showering after applying the chemical. (#2 at p. 7, #2 at pp. 8-10)

For purposes of deciding Defendants' motion to dismiss, the Court will assume that Mr. Conway had a serious medical need. Even so, he has not met his burden of setting out fact to show that Defendant Duty was deliberately indifferent to his needs. He went to the infirmary seeking treatment for genital warts and was treated. His claim that Defendant Duty did not give adequate instructions on how to use the chemical prescribed appears, at the most, a claim of negligence. As explained above, negligence, and even gross negligence, cannot support a constitutional claim. *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006). Additionally, mere disagreement with a course of medical treatment does not rise to the level of a constitutional claim.

Mr. Conway's claims against Defendant Duty should be dismissed. See *e.g., Ralston v. Hurley*, No. 9:06CV223, 2007 WL 1052448 (E.D. Tex. Apr. 2, 2007) aff'd, 260 F. App'x 737 (5th Cir. 2008) (nurse cannot be held liable in a civil rights lawsuit just because she gave inmate ointment or failed to adequately explain how to use it.).

D.   Defendant Cowell

Mr. Conway's deliberate indifference claim against Mr. Cowell also fails, and this claim would fail even if Nurse Simmonson were liable. Mr. Conway alleges that Mr. Cowell, a registered nurse, was present when he saw Nurse Simmonson on October 13, 2011, and received authorization to shower in the infirmary. (#2 at p. 7) Mr. Conway claims that as a health services administrator for Corizon, Mr. Cowell was responsible for his treatment, "knew of the specialized script, knew that it was his duty to inform

treatment call staff of Conway's script and to ensure that his staff adhered to it to prevent further injury but failed to act on the matter which was a contributing factor and proximate cause of the injury." (#2 at pp. 5, 8-9)

It is undisputed that Mr. Cowell never treated Mr. Conway personally. Mr. Conway's claim against Mr. Cowell is grounded solely on the fact that Mr. Cowell supervised Mr. Duty.

Supervisory liability (also known as *respondeat superior*) does not apply to claims brought under § 1983. See *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (no respondeat superior liability under 42 U.S.C.A. § 1983). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemson v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted).

Mr. Conway has not alleged that Mr. Cowell was present when Mr. Duty inadequately instructed him how to use the chemical, or when Mr. Duty returned Mr. Conway to his barracks without a shower. Because Mr. Cowell is not directly responsible for the alleged deprivation of his rights, Mr. Conway's claims against Defendant Cowell fail.

E.   Corizon, Inc.

Finally, Mr. Conway alleges that Corizon, Inc. ("Corizon") and Defendant Cowell were deliberately indifferent for failing to have policies and procedures in place that would have prevented his injury. (#2 at pp. 7, 10) He also claims that Corizon "failed to provide any supplement that would assist in helping remove the chemical agent" which caused his injury.

Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

A "policy," for purposes of § 1983, is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

In his response to the motion to dismiss, Mr. Conway argues that Corizon has a policy or custom of allowing its medical staff to permit inmates, without medical training,

to self-apply chemical treatments to their bodies without providing written instructions to the inmates.  He has not alleged sufficient facts, however, to state a claim of deliberate indifference.  Even if, as Mr. Conway suggests, Corizon had a custom or policy of permitting inmates to apply wart removal chemicals to their own bodies in the infirmary without written instructions, such a policy would add up to negligence, at the most.  Mr. Conway has not pointed the Court to a "widespread pattern of unconstitutional conduct"; nor has he alleged that Corizon officials were notified of unconstitutional conduct but failed to act.  Accordingly, his claims against Corizon should be dismissed for failure to state a federal claim.

V.   **Conclusion:**

The Court recommends that Defendants' motion to dismiss (#8) be GRANTED, and that Mr. Conway's claims against the Defendants Timothy Duty, Billy Cowell and Corizon, Inc. be dismissed without prejudice.

DATED this 1st day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE